# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 15, 2024

```
* * * * * * * * * * * * *
RONNY BALL,                  *
                             *
                             *
        Petitioner,          *            No. 21-1007V
                             *
v.                           *            Special Master Gowen
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
                             *
        Respondent.          *
* * * * * * * * * * * * *
```

*John L. DeFazio,* Viola Cummings and Lindsay, LLP, Niagara Falls, NY, for petitioner.
*Julia Marter Collison,* U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 21, 2023, Ronny Ball ("petitioner"), filed a Motion for Final Attorneys' Fees and Costs. Mot. for Attorney Fees ("Fees App.") (ECF No. 47). For the reasons discussed below, I hereby **GRANT** petitioner's motion and award a total of $**103,595.40**.

### I.    Procedural History

Petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program[2] on March 1, 2021, alleging that the flu vaccine he received on November 1, 2018 caused him to develop Guillain-Barre syndrome ("GBS") and chronic inflammatory

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

demyelinating polyneuropathy ("CIDP"). Petition ¶ 1-2 (ECF No. 1). On April 4, 2023, the parties filed a stipulation agreeing to informally resolve the case. *See* Stipulation (ECF No. 43). I issued a Decision on the Stipulation the same day, awarding petitioner compensation. *See* Decision on Stipulation (ECF No. 44).

Petitioner filed the instant Motion on August 21, 2023, along with the necessary supporting documentation. Fees App. (ECF No 47). Respondent filed a response on August 22, 2023, stating that "[r]espondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and asked that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't Resp. to Fees App. at 2, 3 (ECF No. 48).

The matter is now ripe for adjudication.

## II.    Legal Standard

The Vaccine Act provides that "in awarding compensation on a petition filed under section 300aa-11…the special master…shall also award as part of such compensation an amount to cover (A) reasonable attorneys' fees, and (B) other costs, incurred in any proceeding on such petition." § 300aa-15(e)(1). In this case, I awarded compensation on the petition based upon the parties' stipulation. Thus, petitioner is also entitled to an award for reasonable attorneys' fees and other costs.

## III.    Analysis

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should

make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### a. Attorneys' Fees

After reviewing petitioner's motion for attorneys' fees and counsel's billing statement, I held a status conference on September 24, 2024. *See* Minute Entry, Sept. 24, 2024. Petitioner's counsel, Mr. John DeFazio was present, as was respondent's counsel, Ms. Julia Collison. During the status conference, I noted that the hourly rate billed of $400 was reasonable in light of Mr. DeFazio's background and experience and suggested to petitioner's counsel that attorneys' fees in the amount of $85,000.00 was reasonable based on the procedural history, the substantial volume of the medical records reviewed, and a successful resolution of the case for the petitioner. Both parties agreed that $85,000.00 was reasonable for attorneys' fees. As a line-by-line evaluation of the billing records is not required and special masters are allowed to rely upon their judgment and experience in awarding reasonable attorneys' fees, I find that $85,000 is reasonable and award such amount in attorneys' fees.

### b. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Here, petitioner requests a total of $19,832.90 in costs. Fees App. Ex. B (ECF No. 47-2). This includes the filing fee, costs for obtaining medical records and other reasonable and necessary expenses, including expert fees for a life care planner. Fees. App at 2. Petitioner submitted two invoices from the life care planner, Susan Wright, one for $5,017.50 and one for $12,264.06. Fees App. Ex. B at 23; Fees App. Ex. C (ECF No. 47-3). Petitioner also filed additional documentation related to the second bill, itemizing the hours spent on the case and costs. Fees. App. Ex. E (ECF No. 51-1). Ms. Wright's requested rate of $275.00 is reasonable. Aside from the hours billed for travel, the total number of hours spent on the case also appear reasonable. Ms. Wright billed a total of 9 hours for travel for a total of $2,475.00. Special Masters traditionally compensate time spent travelling at one-half of the hourly rate. *See Hocraffer v. Sec'y of Health & Hum. Servs.*, No 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Stimson v. Sec'y of Health & Hum. Servs.*, No. 21-2171V, 2024 WL 4133295, at *2 (Fed. Cl. Spec. Mstr. Aug. 7, 2024). Thus, I reduce the amount of the bill for the life care planner by $1,237.50. The other costs are typical of those incurred in the Vaccine Program and are reasonable. Therefore, petitioner is entitled to $18,595.40 in costs.

### IV.  Conclusion

In accordance with the above, I hereby **GRANT** petitioner's motion for final attorneys' fees and costs. **Accordingly, I award the following:**

1) **A lump sum of  $103,595.40 for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. John DeFazio.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

> **IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).